UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH R. SILVESTRI

    Defendant,

_____/

APPEARANCE BOND: _____

CASE NO.: 00-6309-CR-SEITZ

1 of 2

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 300,000 PSB.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

_____

_____

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/FM-2
REV. 7/90

#136
H/L

— 1 —

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

☑ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

☑ b. Report to Pretrial Services as follows: _As Directed_

___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew: _____

☑ i. Comply with the following additional special conditions of this bond: _travel restricted S/D FL + M/D GA, may travel between two Districts for Court_

### PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrail release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do do.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
   WHITE to Court file
   BLUE to defendant
   GREEN to Assistant U.S. Attorney
   YELLOW to Counsel
   PINK to U.S. Marshal
   GOLD to Pretrial Services

CASE NUMBER: _____

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 30th day of October, 2000, at Miami, Florida.

Signed and acknowledged before me:

WITNESS: David S Mandel
ADDRESS: 169 E. Flagler St. #1200
Miami FL ZIP 33131

DEFENDANT: (Signature) Joseph R. Silvestri
ADDRESS: 1820 Mediterranean Rd
W. Palm Bch, Fl. ZIP 33406
TELEPHONE: 561-649-3024

### CORPORATE SURETY

Signed this ____ day of _____, 19 ___, at _____, Florida.
SURETY: _____
ADDRESS: _____
ZIP: _____
AGENT: (Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 30th day of October, 2000, at Miami, Florida.

SURETY: (Signature) Jeanette Silvestri
PRINT NAME: Jeanette Silvestri
RELATIONSHIP TO DEFENDANT: daughter in law
ADDRESS: 17 Marlin Ave, Key Largo, FL
TELEPHONE: (305) 451-1382

SURETY: (Signature) Joseph R Silvestri
PRINT NAME: Joseph R Silvestri JR.
RELATIONSHIP TO DEFENDANT: Son
ADDRESS: 17 Marlin Av Key Largo FLA
TELEPHONE: 305-451-1382

### APPROVAL BY COURT

Date: Oct. 30, 2000

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION:
 WHITE to Court file
 BLUE to defendant
 GREEN to Assistant U.S. Attorney
 YELLOW to Counsel
 PINK to U.S. Marshal
 GOLD to Pretrial Services

— 3 —

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 30th day of October, 2000, at Miami, Florida.

Signed and acknowledged before me:
WITNESS: DS Mandel
ADDRESS: 169 E. Flagler St. Miami FL ZIP 33131

DEFENDANT: (Signature) Joseph R. Giliti
ADDRESS: 1870 Mediterranean Rd. W. Palm Bch, FL ZIP 33406
TELEPHONE: 561-649-3024

### CORPORATE SURETY

Signed this ____ day of _____, 19__, at _____, Florida.
SURETY: _____
ADDRESS: _____
ZIP: _____
AGENT: (Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 30th day of October, 2000, at Miami, Florida.
SURETY: (Signature) Sharon L. Materio
PRINT NAME: Sharon L. Materio
RELATIONSHIP TO DEFENDANT: daughter of defendant
ADDRESS: 339 Alhambra Pl WPB FL
TELEPHONE: 561-586-5666

SURETY: (Signature) Philip M. Materio
PRINT NAME: Philip M. Materio
RELATIONSHIP TO DEFENDANT: Son in law
ADDRESS: 339 Alhambra Pl. WPB FL
TELEPHONE: 561-586-5666

### APPROVAL BY COURT

Date: Oct. 30, 2000

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 3 —

McMow Art Glass, Inc.
701 North Dixie Highway
Lake Worth, Florida 33460

RESOLUTION OF THE BOARD OF DIRECTORS
UPON SPECIAL MEETING

A special meeting of the board of directors was convened on Sunday, October 29, 2000. The following matters were taken up:

1. Whether to pledge the building at 701 North Dixie Highway, Lake Worth, FL, as security for the appearance of Joseph R. Silvestri in Federal Court.

The Board discussed the issue and determined as follows:

1. RESOLVED, that notice for this meeting is waived by unanimous consent;

2. FURTHER RESOLVED, that McMow Art Glass, Inc. hereby authorizes any corporate officer to execute the appropriate documents to pledge as security for the appearance in Federal Court of Joseph R. Silvestri as required in the pending case, the building and real property located at 701 North Dixie Highway, Lake Worth, FL 33460, and more particularly described as follows:

   PC# 38-43-44-21-15-212-0150
   Town of Lake Worth, Block 212, Lots 15 & 16 (less E. 5 ft., Rd R/W)
   (As recorded in Palm Beach County Official Records, Book 08082, Page 0212).

3. FURTHER RESOLVED, that such pledge is subject to an existing first mortgage in the approximate amount of $190,000.00 and the terms of that mortgage shall not be affected by this pledge.

4. FURTHER RESOLVED, that such pledge shall expire upon the appearance of Mr. Silvestri as required.

APPROVED by unanimous consent this 29th day of October, 2000.

_____        _____
Sharon L. Materio                      Philip M. Materio
President, Director                    Treasurer, Director