UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ(s)(s)

UNITED STATES OF AMERICA,
          Plaintiff,

v.

JOSEPH SILVESTRI,
          Defendant.
_____/

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
SILVESTRI'S MOTION TO SEVER FROM ALL OTHER DEFENDANTS
ON THE GROUNDS OF FUNDAMENTAL UNFAIRNESS AND DENIAL
OF SIXTH AMENDMENT RIGHT OF COMPULSORY PROCESS

The United States of America, through its undersigned Assistant United States Attorneys, files this Response in Opposition to Defendant Silvestri's Motion to Sever from All Other Defendants on the Grounds of Fundamental Unfairness and Denial of Sixth Amendment Right of Compulsory Process.

**Background of the Case**

Defendant Silvestri is charged in Counts 1, 14, and 16 through 45 of the second superseding indictment. Count 1 charges the defendant along with ten other persons with RICO conspiracy involving the South Florida faction of the Trafficante LCN Family in violation of Title 18, United States Code Section 1962(d). Count 14 charges the defendant and nine other persons with money laundering conspiracy in violation of Title 18, United States Code,

Section 1956(h). Counts 16 through 45 charge the defendant and nine other persons with multiple violations of engaging in monetary transactions of proceeds from criminally derived property in violation of Title 18, United States Code, Section 1957.

The enterprise alleged in the indictment was comprised of a group of individuals associated in fact that were part of the South Florida faction of the Trafficante Organized Crime Family that operated in South Florida and elsewhere. The enterprise was supervised and directed by co-defendants Steve Raffa and John Mammone. The enterprise itself used several check cashing stores to facilitate the commission of the several predicate acts described in the indictment, including loansharking, illegal gambling, money laundering and mail and wire fraud, among other crimes. Members of the enterprise used these stores to cash checks derived from the aforementioned crimes. These acts were usually done to promote the commission of certain crimes and/or to conceal the commission of the criminal acts.

Defendant Silvestri joined the RICO conspiracy by assisting an investment and "Ponzi" scheme in Greenville, South Carolina. Silvestri provided a fraudulent bond that was used to induce victims to invest in the "Ponzi" scheme through the use of checks written on accounts held by the victims. The victims' checks were laundered through check cashing stores operated by the RICO

enterprise. Defendant Silvestri also assisted in opening bank accounts that would be used in the money laundering operation.

### Memorandum of Law

When a defendant requests severance from a co-defendant on the grounds that the co-defendant would provide favorable or exculpatory evidence for the defendant, if their trials were severed, it is well-settled law that defendant must show: "1) a bona fide need for the testimony; 2) the substance of the desired testimony; 3) its exculpatory nature; and, 4) that a co-defendant would in fact testify if the case were severed." *United States v. Novation*, __ F.3rd___ (11th Cir. 2001); *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999); *United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990); *United States v. Funt*, 896 F.2d 1288, 1297 (11th Cir. 1990). Denial of severance rests with the broad discretion of the court. *United States v. Cobb*, 185 F.3d at 1196.

The defendant completely fails to satisfy the threshold requirements as set forth above. Specifically, he has not submitted an affidavit from co-defendant David Morgenstern outlining his prospective testimony exonerating Silvestri and describing Morgenstern's own involvement in the criminal transactions. In fact, a reading of the defendant's assessment of the value of Morgenstern's testimony is inconclusive and confusing. An affidavit from the co-defendant would at least have permitted

3

the Court to evaluate the statement and assess whether the statement of a co-defendant is worthy of consideration. *United States v. Harris*, 908 F.2d at 739.

More importantly, the defendant has completely failed to satisfy the last of the four threshold requirements required to be established before the Court makes its own evaluation. In the motion, the defendant makes no claim that the co-defendant will testify if severance were granted. Apparently either David Morgenstern has refused to testify or he was not even asked. In either case, the defendant has failed to satisfy this important requirement. *United States v. Adams*, 1 F.3d 1566, 1579 (11th Cir. 1993).

Defendant also argues that he should be entitled to a severance because he was not charged with participating in all the predicate acts charged in the RICO conspiracy. However, this argument is not well taken because of his involvement in the money laundering aspects of the enterprise. Furthermore, defendant argues that severance is required because organized crime evidence will be offered to prove Count 1. Silvestri asserts that this evidence would be unfairly prejudicial to him.

It is well-settled that defendants jointly indicted in a conspiracy case should be tried together. Defendant bears the heavy burden of demonstrating that without a severance he will suffer

4

actual and compelling prejudice. *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998); *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). Defendant has failed to shoulder this heavy burden.

Defendant asserts that much of the evidence that will be introduced at trial relates only to other defendants. The Eleventh Circuit, however, has held that a defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to co-defendants. *United States v. Cassano*, 132 F.3d at 651; *United States v. Schlei*, 122 F.3d at 984; *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993). Defendant has made no effort to demonstrate particular facts that would establish the existence of compelling prejudice.

Moreover, the fact that specific evidence will be introduced that links other defendants to an organized crime group does not rise to the level of compelling prejudice. Fully inducted organized crime members frequently conspire with criminal associates who are not fully inducted members to further joint criminal aims--in this case the laundering of funds generated by other persons through organized crime controlled check cashing stores. In such instances, the courts have held that it is proper to try the organized crime members with the non-organized crime members because both are part of the same criminal conspiracy. Any

danger of unfair prejudice may be ameliorated through appropriate limiting instructions concerning the use of evidence that links certain members of the conspiracy, but not others, to membership in an organized crime group. *United States v. Salvatore*, 110 F.3d 1131, 1144-1145 (5th Cir. 1997), *abrogated on other grounds*, *Cleveland v. United States*, 531 U.S. 12 (2000); *United States v. Tutino*, 883 F.2d 1125, 1130-1132 (2d Cir. 1989); *United States v. McGuire*, 45 F.3d 1177, 1188 (5th Cir. 1995). (All upholding the denial of a severance when defendants argued evidence linked some but not all defendants to membership in an organized crime group). The defendant's motion that he should be severed from more culpable defendants is also without merit.

WHEREFORE, for the reasons set forth above, the defendant's motion for severance should be denied in all respects.

## Conclusion

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny defendant Silvestri's motion for severance.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230


By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 21 day of Nov , 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

Jayne Weintraub, Esq.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131
(Counsel for Joseph Russo)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Scott William Sakin, Esq.
1411 NW North River Drive
Miami, FL 33125
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.,#2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Kenneth M. Swartz, Esq.
100 N. Biscayne Blvd.
21st Floor, New World Tower
Miami, FL 33132
(Counsel for John O'Sullivan)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Joseph S. Rosenbaum, Esq.
2400 South Dixie Highway, Suite 105
Miami, FL 33133
(Counsel for Anson Klinger)

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, FL 33131-2900
(Counsel for Frederick Scarola)

Jon May, Esq.
110 S.E. Sixth St.
Suite 1970
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Howard Srebnick, Esq.
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131
(Counsel for Doreen Russo)

_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY