UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-Seitz/Garber


UNITED STATES OF AMERICA,

v.

JOSEPH SILVESTRI, *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on the defendant Silverstri's Motion to Sever from

All Other Defendants on the Grounds of Fundamental Unfairness and Denial of Sixth

Amendment Right of Compulsory Process and the government's response in opposition.

No hearing was held on this motion.

It is axiomatic that defendants who are jointly indicted should be tried together

unless the moving defendant demonstrates that a failure to sever will cause actual and

compelling prejudice. <u>United States v. Cassano,</u> 132 F.3d 646, 651 (11th Cir. 1998); <u>United</u>

<u>States v. Schlei</u>, 122 F.3d 944, 984 (11th Cir. 1997)  Such requisites have not been met or

shown by the defendant.

Here, Silvestri asserts that the testimony of co-defendant David Morgenstern

would present favorable or exculpatory evidence in his favor.  This mere assertion is

insufficient.  Indeed, the defendant must show "(1) a bona fide need for the testimony;

(2) the substance of the desired testimony; (3) its exculpatory nature; and, (4) that a co-

defendant would in fact testify if the case were severed." <u>United States v. Novation</u>, ___F. 3d ___, (11th Cir. 2001); <u>United States v. Cobb</u>, 185 F.3d 1193, 1197 (11th Cir. 1999).

In this cause the defendant Silvestri has failed to present argument in support of the requirements set forth above. A proffer from the proposed witness David Morgenstern has not been submitted so as to permit the Court to evaluate credibility and worthiness. It is also noteworthy that no assertion has been made that David Morgenstern would indeed testify for Silvestri if severance was granted.

The defendant's remaining arguments are equally unavailing. The fact that a substantial amount of evidence relates to other defendants does not cause Silvestri to suffer compelling prejudice. <u>United States v. Cassano</u>, 132 F3d at 651. Such issues can be properly addressed by the Court in its jury instructions.

Accordingly, and upon due and careful consideration, it is hereby

ORDERED that the defendant Silvestri's Motion to Sever, etc. is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 10th day of December, 2001.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
J. Brian McCormick, Assistant United States Attorney
Diana L.W. Fernandez, Assistant United States Attorney
Emanuel Perez, Esquire