UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-WPD



UNITED STATES OF AMERICA,

      Plaintiff,

-vs-

JOSEPH SILVESTRI,

      Defendant.

_____

# COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

    It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

\B2.2

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

\B4.2

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

\B5

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

\B6.2

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called several of its witnesses persons with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

\S1.2

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

### Introduction to Offense Instructions

At this time I will explain the indictment which charges thirty-one separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count Fourteen charges that the Defendant, Joseph Silvestri, knowingly and willfully conspired to launder funds derived from a South Carolina based investment fraud.

Counts Sixteen through Forty-five, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendant, Joseph Silvestri, engaged in monetary transactions with criminally derived property of a value greater than $10,000, which funds were obtained from a South Carolina based investment fraud.

First, however, as to Count Fourteen, you will note that the defendant is not charged in that Count with committing a substantive offense; rather, he is charged with having conspired to do so.

## MONEY LAUNDERING CONSPIRACY CHARGE

Count 14 charges the defendant, JOSEPH SILVESTRI, with conspiracy to launder funds derived from a South Carolina based investment fraud.

Title 18, United States Code, Section 1956(h), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement; *or* that the members had planned together *all* of the details of the scheme.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

> *First*:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged

in the indictment; and,

*Second*:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## MULTIPLE OBJECTS

In this instance, with regard to the alleged conspiracy, the indictment charges that the Defendant knowingly and willfully conspired to:

1) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is the cashing of checks obtained from a South Carolina based investment fraud, which involved the proceeds of specified unlawful activity, specifically mail fraud and wire fraud, with the intent to promote the carrying on of the specified unlawful activities; and,

2) engage and attempt to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000, which was derived from specified unlawful activity, that is, mail fraud and wire fraud, which property was obtained from a South Carolina based investment fraud.

It is charged, in other words, that the Defendant conspired with others to commit *two* separate, substantive crimes or offenses.

In such a case, while you may find that the Defendant conspired to commit *both* substantive offenses, it is not necessary for the Government to prove that the Defendant conspired to commit *both* of those substantive offenses. It would be sufficient if the

Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with someone to commit *one* of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the two offenses the Defendant conspired to commit.

## STATUTE DEFINING - 18 U.S.C. §1957

Counts 16 through 45 of the superseding indictment charge the Defendant with money laundering in violation of Title 18, United States Code, Section 1957.  This section reads in pertinent part as follows:

Whoever...knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity... shall be guilty of an offense against the laws of the United States.

## ESSENTIAL ELEMENTS - 18 U.S.C. §1957

Again, the Defendant is charged in 29 counts of violations of Title 18, United States Code, Sections 1957, in that the Defendant knowingly engaged and attempted to engage and aided and abetted and caused others to engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, derived from specified unlawful activity, that is mail and wire fraud, relating to a South Carolina based investment fraud. The Defendant can be found guilty of these offenses only if all the following facts are proved beyond a reasonable doubt as to each Count.

First, that on or about the date set forth in each count, the Defendant knowingly engaged or attempted to engage or aided and abetted or caused the engaging or attempts to engage in a monetary transaction;

Second, that the property involved had a value greater than $10,000 derived from specified unlawful activity, in this case, mail or wire fraud activities

Third, the Defendant knew that the property involved in the monetary transaction was criminally derived;

Fourth, that the monetary transactions occurred at the financial institution identified in each count and this in some way or degree affected interstate and foreign commerce.

In that regard as to each of the substantive counts (Count 16 through 45) of the indictment, you must find beyond a reasonable doubt that each of the "monetary transactions" occurred on or about the dates set forth in the indictment, at or from the financial institutions identified in each Count and for the approximate monetary amounts identified in each Count.

For example, Count 16 charges that the "monetary transaction" occurred on or about August 9, 1999, in the amount of $2.8 million. The "monetary transaction" is alleged to have been an outgoing wire transfer for Admiralty Bank to Barclays Bank, New York, for AIBC at Barclays Bank, the Bahamas.  I remind you that you must make this determination for each count in conjunction with my previous instructions of the elements.

## DEFINITIONS

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through or to a financial institution.

The term "financial institution" includes, as that term is defined in Title 31, United States Code, Section 5312(a)(2), an insured bank of the Federal Deposit Insurance Act (F.D.I.C.), or a commercial bank or trust company.

In regard to the fourth element of the offense, if you find beyond a reasonable doubt on each Count that a "monetary transaction" involved a "financial institution", as those terms are defined above, you may find that there has been an affect on interstate or foreign commerce whether the defendant had intended or anticipated such an affect on interstate or foreign commerce. It is not necessary for the government to show that the transactions with a financial institution as set forth in the indictment affected interstate or foreign commerce. All that is necessary is that at the time of the alleged offense the financial institution was engaged in or had other activities which affected interstate or foreign commerce in any way or degree. It is not necessary for the government to show that the defendant actually intended or anticipated an affect on interstate or foreign commerce. All that is necessary is that the government prove that the defendant's

actions affected interstate or foreign commerce no matter how minimal the affect.

The term "specified unlawful activity" means either a violation of Title 18, United States Code, Section 1341, which is mail fraud, or a violation of Title 18, United States Code, Section 1343, which is wire fraud, as described in the indictment.

Title 18, United States Code, Section 1341, makes it a Federal crime or offense for anyone to use the United States mails in carrying out a scheme to defraud.

Title 18, United States Code, Section 1343, makes it a Federal Crime or offense for anyone to use an interstate wire communications facilities in carrying out a scheme to defraud.

I further instruct you that the government must prove beyond a reasonable doubt that the proceeds involved in each Count of the indictment are proceeds either from mail fraud or wire fraud as the "specified unlawful activity." However, the government need not prove that the Defendant was directly involved in the commission of either the mail or wire fraud crimes that constitute the "specified unlawful activity" charged in the Counts of the indictment. Instead, the government must prove beyond a reasonable doubt that the Defendant was aware that the "monetary transactions" charged in each Count in the indictment were from "criminally derived property." However, should you conclude beyond a reasonable doubt that the defendant was

involved in either the mail or wire fraud activities identified in the indictment then you may consider this finding in evaluating whether the defendant had knowledge that the proceeds involved in the monetary transaction charged in the indictment were from a criminal offense.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense, in this case mail fraud and/or wire fraud.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Counts 16 through 45, and insofar as the Defendant is concerned, if you have first found either of those Defendant guilty of the conspiracy offense as charged in Counts 14 of the superseding indictment, you may also find such Defendant guilty of any of the offenses charged in Counts 16 through 45 even though such Defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First:     That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second:     That the Defendant under consideration was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

\O11-5

Third:    That the commission of such offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

/S11

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully,"  as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

\B9.1

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

\B10.2

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

\B11

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Submitted
W. P. Dimitrouleas
6/5/02                    1312