

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH SILVESTRI,

    Defendant.
_____/

### UNITED STATES' NOTICE OF REQUIREMENT THAT FORFEITURE BE INCLUDED IN DEFENDANT'S JUDGMENT AND SENTENCE

The United States of America, through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby notifies the Court of the following requirement with respect to the resolution of any and all assets to be forfeited during the October 10, 2002, sentencing of defendant Joseph Silvestri.

### THE FORFEITURE OF $5,000,000.00 MUST BE MADE PART OF THE JUDGMENT AND SENTENCE IMPOSED UPON DEFENDANT BY THE COURT

1.     On June 6, 2002, the jury returned a guilty verdict against defendant Joseph Silvestri, on Counts 14, and 16 through 45, of the Second Superseding Indictment.

2.     On June 12, 2002, a judgment and preliminary order of forfeiture was entered by the Court against $5,000,000.00, representing a money judgment for the amount of proceeds obtained, directly or indirectly, by defendant from the violations in Count 14, and 16 through 45, pursuant to 18 U.S.C. §982[1].

---

[1] 18 U.S.C. §982(b)(1) incorporates 21 U.S.C. §853 as the provision governing forfeiture procedure of property under 18 U.S.C. §982.



3. The preliminary order of forfeiture against the $5,000,000.00 must be included and made part of the judgment and sentence pronouncement, otherwise there can be no criminal forfeiture. See Rule 32.2 (b)(3), Federal Rules of Criminal Procedure, and United States v. Gilbert, 244 F.3d 888(11th Cir. 2001). Additionally, pursuant to 21 U.S.C. §853(a), the Court, in imposing sentence upon the defendant, **shall** order, in addition to any other sentence imposed upon the defendant, that he forfeit to the United States all property described in this section.

4. The forfeiture allegations of the second superseding indictment contained notice and language that the United States was seeking forfeiture of any and all proceeds defendant obtained directly or indirectly from any of the offenses charges in Counts 6 through 55 of the Second Superseding Indictment. Additionally, besides the June 12, 2002, judgment preliminary order of forfeiture, defendant executed a consent to forfeiture for the sum of $5,000,000.00. See Docket Entry No. 1042. Thus, the Court must include the forfeiture of the $5,000,000.00 money judgment in the judgment and sentence to be imposed upon defendant Joseph Silvestri.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. A5500074
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed via Federal Express this 3rd day of October, 2002, to: Richard Sharpstein, Esq., Attorney for Defendant Joseph Silvestri, 777 Brickell Avenue, Suite 500, Miami, FL 33131-2803.

WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY