UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSEPH SILVESTRI,

    Defendant.

_____/

## NOTICE OF OBJECTIONS TO PRE-SENTENCE INVESTIGATION

COMES NOW, the Defendant, Joseph Silvestri (Silvestri), by and through his undersigned counsel and hereby files his Objections To The Pre-Sentence Investigation Report, dated September 13, 2002.

1.    Silvestri objects to the calculation in paragraph 74, regarding the Specific Offense Characteristics. The Probation Officer, Donald Jefferson (Jefferson) calculated the laundered funds to be between 20 and 35 million dollars. Silvestri was only involved in a small part of the conspiracy herein, and should only be held responsible for less than 5 million dollars that was actually "laundered" through the U.S. Guarantee

1

Company in Arizona. Virgil Womack and the Morgensterns defrauded investors, controlled and laundered more than 35 million dollars. The evidence showed only that Silvestri received a small commission from the 5 million dollar fees sent to U.S. Guarantee amounting to approximately 1.5 million dollars. Silvestri should only be held accountable for the 1.5 millions dollars, therefore adding 5 points, or should be accountable for the 5 million dollars, therefore adding 7 points.

2.    Silvestri objects to his Adjustment for Role in the Offense, in paragraph 75. Jefferson has characterized Silvestri as an "organizer", thus adding a 4 level increase. This is an error. Silvestri was <u>not</u> an organizer or a leader in this conspiracy. The leaders and organizers clearly were Virgil Womack and the Morgenstern brothers. Silvestri was merely a <u>worker</u> in the conspiracy. Huge monetary benefit in this case went to the Morgensterns (mostly David Morgenstern) and Virgil Womack. Silvestri facilitated the relationship between U.S. Guarantee and the Trust, but did not organize, manage or supervise U.S. Guarantee employees (that was done by Alvin Tang), nor did he supervise or manage five or more participants in any aspect of this case. Silvestri

2

JORDEN BURT LLP

should be given no points as an adjustment for his role in the offense.

3.      Based upon the foregoing, paragraph 81 (the Total Offense Level) should be changed to either a level 30, if 7 points are added, pursuant to our objections to paragraph 74, or the total offense level should be changed to a level 28, if 5 points are added, pursuant to our objections to paragraph 74.

WHEREFORE, Joseph Silvestri files the foregoing objections to his Pre-Sentence Investigation.

Respectfully submitted,

JORDEN BURT LLP
777 Brickell Avenue - Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
FAX:          (305) 372-9928

By: _____
Richard A. Sharpstein, Esq.
Florida Bar No. 208817

JORDEN BURT LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Notice of Objections

to Pre-Sentence Investigation was furnished by United States Mail and faxed on this 11th

day of October, 2002, to the following:

Brian McCormick, Asst. U.S. Atty.
and Diana L.W. Fernandez, Asst. U.S. Atty.
Assistant United States Attorney
Office of the United States Attorney
500 E. Broward Boulevard
7th Floor
Ft. Lauderdale, Florida 33394
Fax. No. (954) 356-7230

Donald Jefferson, U.S. Probation Officer
299 E. Broward Boulevard
Room 409
Ft. Lauderdale, Florida 33301-1168

By: _____
        RICHARD A. SHARPSTEIN

Doc. No. 105481

JORDEN BURT LLP