UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH SILVESTRI,

        Defendant.

_____

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION
REPORT AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through its undersigned Assistant United States Attorney, files this response in opposition to defendant Silvestri's objections to the presentence investigation report (PSI). For the reasons set forth below, the government submits that the defendant's objections should be denied.

A.   Specific Offense Characteristics

Defendant complains that he should only be held responsible for 1.5 million dollars as the amount of commission he received or 5 million dollars as the fees paid to U.S. Guarantee rather than the 20 to 35 million dollars currently contained in the PSI.

The defendant does not challenge the fact that the total fraud loss under Alliance Trust and Chemical Trust was approximately 56 million dollars (PSI ¶ 19). From that, approximately 30 million



dollars was forwarded to the Morgensterns in South Florida to be laundered (PSI ¶ 21).

It is entirely proper for the defendant to be held responsible for the 30 million dollar figure. It was solely through the actions of this defendant that the investment fraud was able to be accomplished. As the trial evidence disclosed, the Alliance Trust/Chemical Trust fraud could not have even begun operation without the backing of U.S. Guarantee, which issued worthless bonds to the investor/victims, convincing them that their investment was secure. It was the defendant who had the contact at U.S. Guarantee in Arizona, convinced that company to issue bonds for Alliance Trust/Chemical Trust, assisted them in the preparation of the bonds and the handling of investor/victim question, thereby allowing the investment fraud to operate.

Further, as was testified to by victim Dennis Dostert, the defendant had direct contact with him by telephone when Mr. Dostert had concerns about the validity of the investment scheme. The defendant mollified Mr. Dostert's concerns, assuring him that the investment was safe as well as falsely stating that he himself, the defendant, had invested his own money. Therefore the defendant participated directly in the fraud scheme which generated the large sums of money which were then laundered with the help of the defendant.

The defendant's assistance at Admiralty Bank, helping both Virgil Womack and Fred Morgenstern open up and maintain bank accounts through which Alliance Trust/Chemical Trust investor/victim checks were negotiated, allowed them to launder the ill-gotten monies from this fraud.

For all of these reasons it is clear that the defendant should not merely be held responsible for the commissions paid to U.S. Guarantee (actually 1.6 million dollars), or the 5 million dollars that was laundered through U.S. Guarantee, but rather for the entire amount that was laundered through the South Florida connection to this fraud.

B.  Role in the Offense

Defendant complains that he should not receive a four level increase for his role in the offense as an organizer or leader. Defendant submits that he was merely a worker in this conspiracy.

U.S.S.G. Section 3B1.1 provides for a four level increase if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Application Note 4 lists a number of factors that the court should consider: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the

degree of control and authority exercised over others." Further, as the Note explains, "there can, of course, be more than one person who qualifies as a leader or organizer" in any criminal activity.

The trial evidence clearly justifies the four level adjustment for this defendant's role in this conspiracy. As discussed above, it was solely through this defendant's actions that the fraud and then subsequent money laundering succeeded. The defendant recruited accomplices by convincing U.S. Guarantee to issue the worthless bonds to the investor/victims, without which the fraud could not have taken place. The defendant also advised U.S. Guarantee on the preparation of a financial statement which was then used to convince investor/victims of the legitimacy of the fraud as well as providing employees of U.S. Guarantee advice on how to answer investor/victim questions when they contacted U.S. Guarantee.

The defendant further organized the money laundering aspect of this criminal organization by assisting both Virgil Womack and Fred Morgenstern with the opening and maintaining of bank accounts at Admiralty Bank, which were then used by both to launder sizable amounts of Alliance Trust/Chemical Trust checks.

The defendant's participation in this criminal conspiracy was extensive, he recruited accomplices (U.S. Guarantee), he clearly helped to organize and plan the money laundering aspect of the

conspiracy.[1] The defendant also represented Womack for the purpose of soothing investor/victims who raised questions about the legitimacy of the investment with coconspirators in Seneca, South Carolina.

CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny the defendant's objections to the PSI.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

---

[1] Defendant's argument that he should not receive the adjustment because he did not manage or supervise five or more participants is unavailing. Section 3B1.1(a) also provides for an adjustment if the criminal activity was otherwise extensive, which is clearly the situation here.

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 23rd day of October, 2002 to:

Richard Sharpstein, Esq.
777 Brickell Avenue, Suite 500
Miami, Florida 33131

Donald Jefferson, U.S. Probation Officer
299 E. Broward Boulevard
Room 409
Fort Lauderdale, Florida 33301

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY