

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,	CASE NO. 00-6309-CR-Dimitrouleas
           Plaintiff,

v.

JOSEPH SILVESTRI
           Defendant.
_____ /

### DEFENDANT SILVESTRI'S MOTION TO CONTINUE SENTENCING SO THAT NEW COUNSEL MAY PREPARE REPRESENTATION AND NOTICE OF MOTION FOR DOWNWARD DEPARTURE

Defendant Joseph Silvestri moves this Court to continue his sentencing, presently scheduled for November 1, 2001, for at least thirty days so that newly retained undersigned counsel may have the opportunity to research and prepare any additional objections and corrections to the Presentence Investigation Report ("PSI") that should be filed, as well as the opportunity to further research and document a motion for downward departure based on defendant's age and infirmity and his prior good works, of which the defendant hereby gives notice. In support of this motion, undersigned counsel represents as follows:

1.	Undersigned counsel met with the defendant for the first time on Saturday, October 26, 2002, and, based upon that meeting as well as discussions with members of his family over the past several days, has been retained by the family to represent the defendant at his sentencing in this case. By letter dated October 26, 2002, and transmitted to trial counsel this morning (copy attached hereto), the defendant terminated his trial counsel's services in connection with defendant's sentencing. Simultaneous with this motion, undersigned counsel has filed a Notice of Appearance

1



as Defendant's Counsel for Sentencing.

2.  Based upon her review of the PSI and her preliminary inquiry into the relevant facts, undersigned counsel believes that additional objections and corrections to the PSI may be warranted and, perhaps more importantly, that a motion for a downward departure should be further researched and prepared by obtaining relevant medical records and expert opinions documenting the defendant's ill health and needed treatments (including, if possible, a current, complete medical examination of the defendant), and by obtaining relevant records and other information documenting the defendant's extraordinary service to this country and to persons less fortunate than himself.

3.  While a defendant's age and medical condition are "not ordinarily relevant" in determining whether a sentence should be outside the applicable guideline range, the Guidelines explicitly recognize that these factors <u>may</u> warrant a downward departure "when the defendant is elderly <u>and</u> [seriously] infirm." USSG §5H1.1 (emphasis added), *see* §5H1.4. Similarly, while "prior good works" is "discouraged" as a ground for departure, *see* §5H1.11, the Supreme Court expressly recognized in *Koon v. United States*, 518 U.S. 81, 95 (1996), that "the [Sentencing] Commission does not view discouraged factors 'as necessarily inappropriate' bases for departure but says they should be relied upon only 'in exceptional cases.'" *Id.* This means, *Koon* explains:

> [T]he [sentencing] court should depart [on the basis of a discouraged factor] only if the factor is present to an exceptional degree or in some other way makes the case <u>different from the ordinary case where the factor is present</u>.

*Id.* at 96 (emphasis added). Furthermore, the Supreme Court made clear in *Koon* that "[w]hether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way are matters determined in large part by comparison with the facts of other guidelines cases" -- a comparison the District Court is uniquely situated to make. *Id.* at 98. It is respectfully

2

submitted that, in this case, the defendant's age and extremely poor health, in combination with his prior good works, justify just such a downward departure.

4. **Age and infirmity:** Mr. Silvestri is 71 years and age and as reflected in PSI ¶¶104-110, suffers from a wide array of very serious ailments. These include active coronary artery disease with total right coronary artery occlusion; hypertension; hypercholesterolemia; prostate disease with dysuria and nocturia (and possible prostate cancer in remission); and osteoarthosis. He has suffered multiple heart attacks, angina, deep venous thrombophlebitis, pulmonary embolism, edema of the ankles and lower legs and hematochezia (blood in stools). He has had his left knee totally replaced and was scheduled to have his right knee replaced but was incarcerated before the operation could take place; his right hip may also need replacement. Approximately a year ago, he was prescribed Coumadin, Monopril, Cardizem, Lasix, Zocor, Kay Ciel, Restoril, Percocet, Tylenol, Maalox and Colace. While he is receiving some medication at FDC, including Coumadin, undersigned counsel has not yet been able to determine what other medications he is receiving. Coumadin is a blood-thinning medication which must be closely monitored via frequent blood tests and, if not adjusted properly, leaves the patient vulnerable to excessive bleeding, on the one hand, or to the risk of thrombosis, on the other hand. When undersigned counsel met with the defendant on October 26, 2002, she observed that his ankles and feet were extremely swollen.

5. Courts have approved downward departures for defendant's with <u>fewer</u> health problems than Mr. Silvestri. For example in, *United States v. Rioux*, 97 F.3d 648 (2nd Cir. 1996), the defendant "had a kidney transplant over 20 years [before]" and to maintain stable function in his new kidney he required "regular blood tests and prescription medicines," and, additionally, he had had a double hip replacement, which "[a]lthough successful,...require[d] monitoring." *Id.* at 663.

The court concluded that this health condition -- which <u>pales</u> in comparison to Mr. Silvestri's conditions -- in combination with the defendant's "efforts to raise money for the Kidney Foundation," were sufficient in combination to warrant a downward departure. *Id.* In *United States v. Collins,* 122 F.3d 1297 (10th Cir.1997), the defendant, who was seven years younger than Mr. Silvestri when sentenced, suffered from " heart disease, high blood pressure, ulcers, arthritis and prostatitis" and faced "the prospect of intrusive surgery to address his prostatitis." *Id.* at 1307. In approving a departure for this medical condition in combination with the defendant's age, the Tenth Circuit held:

> Although the terms "elderly" and "infirm" are difficult to define, and more difficult to measure in degree, we cannot say that the district court abused its discretion in concluding that the factors of age and infirmity are present in this case to an exceptional degree. We therefore conclude that the district court properly relied upon Collins's age and infirmity in departing downward from the guidelines.

*Id.* And in *United States v. Paradies,* 14 F.Supp.2d 1315, 1322 (N. D. Ga, 1998), in granting a downward departure on the basis of the defendant's age and infirmity, together with his service to country and community, the court noted that while the defendant's "ailments, considered individually, [were] not so extraordinary as to take defendant's case out of the heartland of cases before courts for sentencing[,] [t]he <u>combination of ailments</u>...presents a situation not adequately considered by the sentencing commission when formulating the Guidelines." (Emphasis added).

      6.    **Prior good works:**    The PSI makes a brief mention of Mr. Silvestri's military service (¶114) and touches upon the way in which he cared for his siblings after his mother was institutionalized (¶¶94-97). From preliminary discussions with the defendant's family regarding these matters, undersigned counsel believes that a significant case can be made that, in fact, the defendant gave extraordinary service to this country during the Korean War, and that both before and after that

service he engaged in extraordinary charitable acts, helping in monetary and other ways, not only his siblings and but also other persons who were less fortunate than himself. As noted above, in *Rioux*, 97 F.3d at 663, the Second Circuit found that the defendant's "efforts to raise money for the Kidney Foundation" was sufficient, in combination with his kidney problem and hip replacements, to warrant a downward departure. Similarly in *Paradies*, 14 F. Supp.2d at 1321, the district court relied on the fact that the defendant "had been an officer in the Air Force during World War II and ha[d] given both his time and money to numerous charitable organizations," in combination with the defendant's health problems, to support its decision to downwardly depart. Other cases have relied on even lesser records of prior good works to support combination downward departures. *See, e.g., United States v. Takai*, 930 F.2d 1427, 1430 (9th Cir. 1991) (downward departure granted and upheld in part on basis of <u>two</u> instances in which the defendant had "gone to great personal expense to assist victims of crime or earthquake"); *United States v. Acosta*, 846 F. Supp. 278, 279 (S.D.N.Y. 1994) (downward departure granted in part on basis of <u>one</u> instance in which the defendant "saved the life of another at the risk of his own").

7.  Undersigned counsel needs more time than is available between today, Monday, October 28, 2002, and Friday, November 1, 2002, when the defendant's sentencing hearing is scheduled, to conduct the investigation necessary to properly present to the Court the facts and circumstances upon which the defendant seeks a downward departure. Undersigned counsel is mindful that the defendant's sentencing hearing has been previously continued but, as reflected in the defendant's attached letter, a breakdown in communication between the defendant and his trial counsel has led to an impasse where the defendant finds himself in a position in which he feels he is not satisfactorily prepared for his sentencing.

8.  Undersigned counsel reached counsel for the government AUSA Brian McCormick this morning to ask his position on this motion, which is to oppose it.

WHEREFORE, for all the foregoing reasons, defendant Joseph Silvestri respectfully requests that this Cour enter an Order continuing his sentencing for at least thirty days so that his newly retained attorney, undersigned counsel, may have the opportunity to research and prepare additional objections and corrections to the Presentence Investigation Report ("PSI"), if any, as well as the opportunity to further research and document a motion for downward departure based on defendant's age and infirmity and his prior good works, of which the defendant hereby gives notice.

Respectfully submitted,

**JEANNE BAKER**
ATTORNEY AT LAW, P.A.
Florida Bar No. 0880700
2937 Southwest 27th Avenue, Suite 202
Miami, Florida 33133-3703
(305) 443-1600
(305) 445-9666 (fax)
**SENTENCING COUNSEL**
  **for JOSEPH SILVESTRI**

By: /s/ Jeanne Baker

To Richard Sharpstein,　　　　　　　　　October 26, 2002

Dear Richard,
　Because at this late date; just six (6) days before my sentencing, I've not been informed of anything you might be doing on my behalf. And because you've not kept any appointments with me. And because I don't even know if you even intended to be in court with me on Nov. 1, 2002. — Then
　With this letter I'm notifying you that your services are no longer needed. I'm having my family arrange for an Atty. to be with me as my representative on this coming Friday – Nov. 1.

Joseph R. Silvestri

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was mailed and sent by facsimile this 28th day of October 2002, to the following:

Assistant United States Attorneys
Brian McCormick and Diana L.W. Fernandez
United States Attorney's Office
500 E. Broward Boulevard
Ft. Lauderdale, Florida 33394
(954) 356-7255
(954) 356-7230 (fax)
**Counsel for the United States**


Richard A. Sharpstein
777 Brickell Avenue, Suite 500
Miami, FL 33131
(305) 371-2600
(305) 372-9928 (fax)
**Trial counsel for defendant**

and

United States Probation Officer
Donald Jefferson
299 E. Broward Boulevard
Ft. Lauderdale, Florida 3301-1168
(954) 769-5515
(954) 769-5566 (fax)

Jeanne Baker, Esq.

7