UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )   Case Number
                                )   00-6309-Cr-Dimitrouleas(s)(s)
v.                              )
                                )
JOSEPH SILVESTRI,               )
                                )
            Defendant.          )
_____)

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR DOWNWARD
DEPARTURE AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through its undersigned Assistant United States Attorney, files this response in opposition to the defendant's motion for downward departure. For the reasons set forth below, the government submits that defendant's motion should be denied.

The defendant argues that based on his age, infirmity, and prior good works that he should be entitled to a downward departure pursuant to U.S.S.G. 5H1.1, 5H1.4, and 5H1.11. The requested basis for departure are all discouraged factors under the guidelines and therefore "are not ordinarily relevant to the determination of whether a sentence should be outside the applicable guideline range." U.S.S.G. 5H, Introductory Commentary. A court should only depart if the factor is present to an exceptional degree. Koon v. United States, 518 U.S. 81, 95 (1996). Even given the combination of factors cited by defense counsel, they are not so exceptional as



to warrant a downward departure.

Age and Infirmity

It is unquestionable that the Sentencing Guidelines discourage consideration of age or physical condition except in the most exceptional of circumstances. U.S.S.G 5H1.1 provides that

> age ... is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

A defendant's physical condition is also addressed in U.S.S.G. 5H1.4.

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than imprisonment.

Although the defendant's motion recounts a laundry list of ailments, a closer analysis of the defendant's physical problems indicates that the majority of the defendant's conditions are historical and have been controlled through diet, treatment, and medications. The description of the defendant's health comes from the presentence investigation report (PSI) which states that from 1989 to 1996, the defendant claims that he suffered prostate

cancer, back problems, herpes, and multiple heart attacks.[1] The PSI indicates that a review of medical records discloses that in 1995, the defendant's health, particularly his heart condition, was good after various tests were performed, and, treatments and medications prescribed. PSI at ¶ 107.

The PSI (¶ 108) continues by stating that in mid-1996, the defendant apparently suffered left deep venous thrombophlebitis, which required hospitalization and medication. In a follow-up visit in 1999, the defendant was found to have no evidence of recurrence of the condition. In mid-2000, the symptoms the defendant was suffering at that time were found to be a stress reaction, for which he was prescribed Xanax. A follow-up visit in October 2000 found the defendant to be doing well, except that he was experiencing hematochechia (blood in his stools) over the few preceding months. (PSI at ¶ 110).

In July 2001, the defendant injured his left knee and underwent left knee replacement in September 2001. At the time of his discharge, the defendant was diagnosed with osteoarthrosis, coronary artery disease, and hypertension and was prescribed a number of medications, all related to these conditions. (PSI at ¶ 111).

The government is awaiting a letter from the medical staff at

---

[1] It appears that this information comes solely from the defendant and is not supported by medical records. PSI at ¶ 106.

FDC outlining the defendant's current medical situation and will submit that as soon as it is received as a supplement to this motion. In addition, the government is expecting a letter from the Bureau of Prisons addressing their abilities to handle an incarcerated defendant considering the defendant's age and health condition.

There is no question that the defendant is older than many and suffers from medical conditions often associated with the aging process. However these do not justify a downward departure; the defendant is not seriously infirm and does not have an extraordinary physical impairment or combination of impairments warranting a departure. There are numerous inmates in the Federal Bureau of Prisons who suffer from ailments similar to the defendant. Moreover, the Federal Bureau of Prisons has major referral centers, including Springfield, Missouri, and Rochester, Minnesota, both of which are more than capable of handling the defendant's medical situation.

A number of courts have considered requests for downward departure based on age, health, and other factors and have denied them. For example, in United States v. Tocco, 200 F.3d 401 (6th Cir. 2000), the district court originally departed ten levels based upon the defendant's overwhelming community service, his age and debilitating health, and his wife's poor health. The 6th Circuit reversed, finding that on the question of defendant's health, the

district court did not have sufficient independent and competent medical evidence to determine his medical condition and the prison system's ability to deal with it. Id. at 435. The defendant was 72 years old and suffering from arteriosclerotic disease, coronary artery disease, hypertension, renal insufficiency, labrynthitis, and diverticulosis and his continuing health problems required periodic monitoring. Id. at 434. As the Sixth Circuit noted, eight judges of the district were seventy years or older and many business people continue in important capacities past the age of seventy. Id. On remand, the district court reconsidered its grant of a downward departure based on age and health, and it was denied. United States v. Tocco, 306 F.3d 279, 294-95 (6th Cir. 2002) (Remanded for resentencing on other grounds).

In United States v. Winters, 105 F.3d 200 (5th Cir. 1997), the appellate court vacated the sentences and remanded, finding that the downward departure was not warranted. The defendant had sarcoidosis, a chronic inflammation of the organs, which required no treatment, as well as having a distinguished military record with the receipt of two purple hearts. Id. at 208-09.

In United States v. Giovinetti, 91 F. Supp.2d 814 (E.D. Pa. 2000), the district court denied a downward departure where the defendant suffered Hepatitis C in the early stages, enlargement of the heart (dilated cardiomyopathy), thalassemia minor (a blood disorder), obesity, and depression, and, had a history of heart

trouble, having suffered a heart attack after the age of 40.

In <u>United States v. Tolson</u>, 760 F. Supp. 1322, 1330-31 (N.D. In. 1991), the court found that a downward departure was not warranted for a defendant who was 60 years old and suffered from "several physical problems, including onychomycosis of his fingernails and toenails, peripheral neuropathy of unkown etiology, syncopal episodes which may be vasovagal in nature, circulatory problems, arthritis, and emphysema." <u>Id</u>. at 1330. As the court stated, "[w]ithout intending to belittle his medical problems, his physical condition cannot be described as an extraordinary physical impairment" and therefore did not grant a departure based on age or health. <u>Id</u>. at 1331.

In <u>United States v. McKinney</u>, 53 F.3d 664 (5th Cir. 1995), no departure was granted for a defendant who was 52 years old, had heart problems, high blood pressure and responsibility for her elderly mother. <u>Id</u>. at 677.

In <u>United States v. LeBlanc</u>, 24 F.3d 340, 347-48 (1st Cir. 1994), the court denied a downward departure where the defendant had a long history of coronary artery disease, was at risk for a recurrent heart attack, and suffered from hypercholesterolemia which would require long term therapy, medicines, and checkups.

In <u>United States v. Guajardo</u>, 950 F.2d 203, 208 (5th Cir. 1991), the district court denied a downward departure for a 55 year old defendant who had cancer in remission, high blood pressure, a

fused right ankle, an amputated left leg, and drug dependency.

In United States v. Booher, 962 F.Supp. 629, 634 (D.N.J. 1997), the court found that the fact that the defendant was 64 years old and suffering from coronary heart disease was not an extraordinary medical condition and denied a motion for downward departure.

In the context of a Rule 2255, the court found that the sentencing court had been aware of the defendant's medical condition and properly found that it did not warrant a downward departure in United States v. Boykins, 2000 WL 381927 at 2 (E.D. La. 2000). The defendant was in a medical facility and complained of terminal illness, the need for dialysis, hernia, calcium deposits, skin rash, and had HIV, bone deterioration, and other chronic illnesses.

In United States v. Ridgeway, 2001 WL 305841 (N.D. Tx. 2001), again in the context of a 2255, the court found that a head injury with poor physical and mental health were not so extraordinary to merit a downward departure.

Prior Good Works

The defendant has also requested a downward departure based on his military service and assistance to his siblings. This again does not justify a downward departure, even in combination with the defendant's health.

As the guidelines recognize at U.S.S.G. 5H1.11,

> Military, civic, charitable, or public service, employment-related contributions, and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.

The fact that when the defendant was 18 years old he cared for his siblings for two years (PSI at ¶ 97-98) and that he served in the Korean War (PSI at ¶ 100) are not so extraordinary as to justify a downward departure.

In United States v. Winters, the defendant had a distinguished military record, having received two purple hearts, and the court found it did not justify a downward departure. 105 F.3d at 208-09. And in United States v. Peters, 978 F.2d 166 (5th Cir. 1992), the court denied a downward departure based on the defendant's military service and receipt of two purple hearts and distinguished flying cross.

This defendant's background comes nowhere near to these two examples where departures were denied.

In sum, considering the defendant's age, health, and background, it is not so extraordinary so as to justify a downward departure.

CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court deny the defendant's request for a downward departure.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 12th day of November, 2002, to:

Jeanne Baker, Esq.
2937 S.W. 27th Avenue, Suite 202
Miami, Florida 33133

Richard A. Sharpstein, Esq.
Jorden Burt, LLP
777 Brickell Avenue
Suite 500
Miami, Florida 33131