UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JOSEPH SILVESTRI,

    Defendant.
_____/



## UNITED STATES' MOTION TO FORFEIT SUBSTITUTE PROPERTY AND SECOND PRELIMINARY ORDER OF FORFEITURE

The United States requests that the Court order the forfeiture of substitute property of Defendant Joseph Silvestri pursuant to 21 U.S.C. §853(p), to satisfy partially the $5,000,000.00 money judgment obtained against defendant in the June 12, 2002, judgment and preliminary order of forfeiture. In support of its motion, the United States submits that:

1.    On June 6, 2002, the jury returned a guilty verdict against defendant Joseph Silvestri, on Counts 14, and 16 through 45, of the Second Superseding Indictment.

2.    On June 12, 2002, a judgment and preliminary order of forfeiture was entered by the Court against $5,000,000.00, representing a money judgment for the amount of proceeds obtained, directly or indirectly, by Defendant from the violations in Count 14, and 16 through 45, pursuant to



18 U.S.C. §982[1].

3.    The specific properties which the United States seeks to forfeit, as substitute property, to satisfy partially the $5,000,000.00 money judgment are:

    a.    Account No. 10100400210 at Wachovia Bank (Formerly First Bank of America, #1133052934), and any other account of defendant at Wachovia Bank;

    b.    Account No. 0050000512-0112 at Point Bank, and any other account of defendant at Point Bank;

    c.    Account #300190603 at Admiralty Bank, and any other account of defendant at Admiralty Bank.

4.    The listed property belongs to Defendant Joseph Silvestri, Social Security No. 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. The accounts are presently restrained by the banks[2] pursuant to either the October 27, 2000, restraining order in this action (D.E.#150) or the October 25, 2000, protective order issued in the related South Carolina case of <u>United States v. Virgil Womack, et al</u>, Case No. 8:00-27-CR-Anderson.

5.    The instant motion to forfeit substitute assets is based upon the evidence developed at trial and the judgment and preliminary order of forfeiture agreed to by Defendant with the

---

[1] 18 U.S.C. §982(b)(1) incorporates 21 U.S.C. §853 as the provision governing forfeiture procedure of property under 18 U.S.C. §982.

[2] The United States is presently unsure of the number of accounts and the balance in the accounts. The accounts listed herein are the ones identified so far. Upon seizure of the accounts, a report will be filed with the Court indicating the total amount seized so the amount can be reduced from the $5,000.000.00 money judgment.

$5,000.000.00 money judgment.

## **MEMORANDUM OF LAW**

It was established at trial in the instant case through the testimony of various government witnesses that Defendant derived vast sums of money and proceeds from his criminal money laundering activities. As demonstrated at trial, the United States has exercised due diligence in attempting to trace any of the proceeds received by Defendant; however, the United States has not located sufficient proceeds to satisfy the money forfeiture judgment ($5,000,000.00) because Defendant has dissipated, otherwise transferred or disposed of the proceeds.

The forfeiture of a certain proceeds dollar amount, as here, is considered an in personam[3] money judgment against the defendant that can be satisfied from any property held by or for the benefit of the defendant. United States v. Navarro-Ordas, 770 F.2d 959, 970 (11th Cir. 1985), cert. denied, 475 U.S. 1016 (1986); United States v. Conner, 752 F.2d 566 (11th Cir.), cert. denied, 474 U.S. 821 (1985); United States v. Ginsburg, 773 F.2d 798 (7th Cir. 1985), and United States v. Benevento, 663 F.Supp. 1115 (S.D.N.Y. 1987). To that end, Section 853(p) of Title 21, United States Code provides that if any forfeited property under that Section "cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party" as a result

---

[3] Because a criminal forfeiture is a money judgment against defendant, the defendant bears the burden of satisfying the forfeiture judgment regardless of what he has done with the original funds obtained from his illegal activity. United States v. Navarro-Ordas, 770 F.2d at 970; United States v. Ginsburg, 773 F.2d at 798. The Eleventh Circuit has recognized that the process of collecting on a forfeiture judgment can continue for years after the original forfeiture. See United States v. Reed, 924 F.2d 1014 (11th Circuit 1991) (assets substituted three years after the original forfeiture order; court properly forfeited substituted property to satisfy judgment of forfeiture).

of the defendant's own actions, the "court shall order the forfeiture of any other property[4] of the Defendant up to the value [of the property so transferred by the defendant]".  Thus, the asset substitution sought here falls within the statute authorizing it.

Even if some of the above-described property was placed in the names of third parties, it remains subject to substitution as the property of Defendant for the reasons set forth below.  To the extent that any third party claimants exist, they may desire to challenge the Government's entitlement to the substituted property, they will have the opportunity to do so in the ancillary hearings phase of these forfeiture proceedings.  Under Section 853(n), the United States must provide notice of its intent to dispose of the property to interested parties through publication and, if practicable, direct written notice to known interested parties.  21 U.S.C. § 853(n)(1).  Persons alleging an interest in the forfeited property then have 30 days within which to petition this Court for a hearing to determine the validity of their claims.  21 U.S.C. § 853(n)(4).  A given piece of property may not be disposed by the United States until all third party claims to it are resolved by the court.

---

[4] "Any order of forfeiture for substitute assets would have to be satisfied out of something which was not itself subject to forfeiture." United States v. Swank Corp., 797 F. Supp. 497, 502-03 (E.D.Va. 1992).

For the foregoing reasons, the United States requests that this Court grant its motion to forfeit substitute property and for second preliminary order of forfeiture in order to satisfy the outstanding money judgment by substituting for forfeiture the assets described above. A Second Preliminary Order of Forfeiture is attached.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. A5500074
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Federal Express this  12th  day of December, 2000, upon: Jeanne Baker, Esq., 2937 SW 27th Avenue, Suite 202, Coconut Grove, FL 33133.

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY