```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
```

UNITED STATES OF AMERICA,

      Plaintiff,          CASE NUMBER
                              00-6309-Cr-DIMITROULEAS(s)

v.

JOSEPH SILVESTRI,

      Defendant.
_____/

                GOVERNMENT'S MEMORANDUM IN
              OPPOSITION TO THE DEFENDANT'S
       *ORE TENUS* MOTION FOR RECUSAL/DISQUALICATION

The United States of America, through its undersigned Assistant United States Attorneys, files this memorandum in opposition to the defendant's *ore tenus* motion for recusal or disqualification. For the reasons set forth below, the government submits that the defendant's motion should be denied.

Statement of Facts

    1. On June 6, 2002, the jury returned a verdict of guilty on Counts 14 and 16 through 45.

    2. After the verdict and just outside the courtroom, the defendant's family cursed at the government prosecutors and agents. This was immediately brought to the Court's attention, who stated that he had not observed the exchange, but in any event, understood that emotions might run high at a time like this.

    3. Sometime after the verdict and before June 27, 2002,[1] the

---

[1] The exact date is not contained in the record.



defendant and his wife were intercepted in a conversation at FDC in which the defendant's wife expressed a desire for some harm to come to the trial judge.

4. The government has been informed by the U.S. Marshal Service that the trial judge was informed that a prison call had been intercepted between the defendant and his wife, that the general nature of the "threat" was described but that full details of the conversation were not given other than the fact that the defendant's wife had been the one to make the statements. As a result of the information being provided to the Judge, the trial Judge did not request any additional protection. Further, the U.S. Marshal Service has informed the undersigned that upon further investigation, they did not believe that the defendant's wife posed any credible threat to the Judge.

5. On November 21, 2002, the Court issued a written Order in which the Court stated it had been "informed by the U.S. Marshal's Service that the prison had intercepted communications between the Defendant and his wife wherein there were discussions about harm coming to the undersigned." (D.E. 1200). Further, the Court stated that this information would have no impact on the upcoming sentence of the defendant. *Id*.

6. Since the Court put all parties on notice on November 21, 2002, as to the information that had been provided to him, the defendant failed to make any motion for recusal or disqualification

until just prior to the commencement of sentencing on March 21, 2003, when invited to do so by the Court. In addition, when the issue was first raised by the Court, the Court stated that it had not taken the threat seriously; defense counsel apologized for the comment having been made by the defendant's wife and explained that she is excitable and certainly had not meant the comments with any serious intent.

Argument

The decision to grant or deny a recusal motion is committed to the sound discretion of the judge to whom the motion is directed and will not be reversed absent an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). The substantive test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* at 1333; *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

There are competing policies that bear on the application of 28 U.S.C. § 455. On the one hand, "a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist. Section 455 did away with the old 'duty to sit' doctrine and requires judges to resolve any doubts they may have in favor of disqualification." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). On the other hand,

"[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rodger*, 831 F.2d 937, 939 (10th Cir. 1987). *See also Carter v. West Publishing Co.*, 1999 WL 994997 (11th Cir. 1999)("If Congress had wanted judges to abandon all caution in deciding motions to recuse, they would have enacted a scheme of disqualification on demand.")

Considering the totality of the circumstances of this case, recusal of the trial judge is neither mandated nor should it be exercised pursuant to 28 U.S.C. § 455. A fully informed, disinterested lay observer would simply not entertain a *significant* doubt as to this Court's impartiality based upon the "threat" by the defendant's wife which no parties in this matter have taken seriously.

Most similar to the present case are the facts of *United States v. Hairston*, 38 Fed.Appx. 884, 2002 WL 1269963 (4th Cir. 2002) (non-published). In *Hairston*, the government informed the trial judge that they had recorded prison phone calls between the defendant and his wife in which the defendant threatened the judge and the prosecutor. The Court denied the defendant's motion for recusal finding that the defendant's statements were just puffing and were not to be taken seriously. In considering the motion for recusal under 28 U.S.C. § 455, the Court stated that "[w]hile a defendant's challenged death threat against a judge may, in some

cases, sufficiently raise the specter of partiality to warrant the judge's recusal, recusal is not automatically required simply because the trial judge becomes aware of the threats." *Id.* at *1.

In *Rivera v. United States*, 2001 WL 736778, ___ F.3d ___ (S.D.N.Y. 2001), a motion for recusal was also denied after the trial judge was made aware of a "hit list" which included the names of the judge and the prosecutor. The court found that the proper test of impartiality under 28 U.S.C. § 455 is "what a reasonable person, knowing and understanding all the facts and circumstances, would believe." *Id.* at *2. The court said that it must consider the unique circumstances of the case and in this instance, the court found that the threat was so vague that it was not taken seriously and did not cause the court to alter its normal procedures. As the court recognized, "[w]hile a defendant's alleged threat against a judge may, in extraordinary cases, sufficiently raise the specter of partiality to warrant the judge's recusal, ..., recusal is not required simply because the trial judge became aware of a defendant's alleged death threat." *Id.* (citation omitted).

In *United States v. Marino*, 1999 WL 39008, F.Supp.2d (N.D. Ill. 1999), the court affirmed the denial of a recusal motion in the context of a 2255 motion. The court had been made aware of an FBI investigation into death threats directed at the trial judge which may have originated from the defendant or his crew. *Id.* at

5

*5. In denying the motion, the court distinguished it from *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994), finding that here the Court had never taken the alleged threats seriously and never strayed from normal procedures. *Id*. at *7. *See also United States v. Salerno*, 2000 WL 821713, _ F.Supp.2d _ (N.D.Ill 2000) (Same ruling as to codefendant of *Marino* case).

The Second Circuit affirmed the denial of a motion for recusal in *United States v. Yu-Ling*, 51 F. 3d 1116 (2d Cir. 1995). The government had advised the court that the defendant had threatened his life, but did not believe the threats to be serious. The Court found that the defendant had failed to raise the issue timely and that the judge had never made any statements or indications that he had considered the threat serious.

As all these courts recognized, the mere fact that the court is made aware of threats made by the defendant does not, in and of itself, necessitate recusal. In each of these instances, the court did not take the threat seriously and denied the motion for recusal.

Such is the unique situation before this Court. This Court has already indicated that it does not take the threat seriously. This is corroborated by the fact that no additional security measures were requested. Further, defense counsel has stated that the defendant's wife did not mean the comments but is merely an excitable individual. The comments must also be viewed in light of

the incident outside the courtroom after the jury verdict. Although unpleasant, the government did not take those "threats" seriously either.

There have been two notable instances in the Southern District of Florida in which recusal has been sought after threats were conveyed to the trial court. The first occurred in *United States v. Phillips*, 664 F.2d 971 (5th Cir. Unit B 1981), *superseded on other grounds, United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992)[2] in which the Fifth Circuit affirmed the denial of a recusal. In that instance, Judge King was informed by law enforcement that particular defendants in a pending matter were intending to disrupt the trial, intimidate witnesses, and attempt to kill Judge King. Obstruction of justice charges were brought against those defendants. The motion for recusal was brought on this ground as well as statements by the trial judge outside the presence of the jury concerning the threats and increased security being implemented. *Phillips* at 1001. The Fifth Circuit found that the trial judge had not acted improperly in denying the motion for recusal and that the comments did not show a pervasive bias or prejudice which would necessitate disqualification. *Id.* at 1003.

The other instance occurred in *United States v. Cerella*, 529

---

[2] In *Stein v. Reynold Securities, Inc*, 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit adopted decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981, as binding precedent.

F. Supp. 1373 (S.D.Fl. 1982), in which Judge Roettger granted recusal after he was informed by law enforcement that the defendant had put a contract out on him. In that case, all parties had taken the threat extremely seriously and the judge was immediately put on around the clock protection.

The present situation simply does not rise to the level of *Cerella* when one considers the totality of the circumstances. Further, *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994) is also clearly distinguishable from the current case. In *Greenspan*, the court was informed by law enforcement that the defendant was conspiring to kill both him and his family, that the conspiracy spanned several states and included a number of people who had contributed large sums of money to hire a hit man. The court then refused to continue the defendant's sentencing, even though defense counsel had only been appointed two days before sentencing because, as the court stated, it wanted the defendant to be in the federal penitentiary system where he could be more closely monitored. The Tenth Circuit found that the court should have recused itself because there was nothing to suggest that the threat was some ruse or ploy and the court had even accelerated the sentencing hearing after learning of the threat.[3]

---

[3] This circuit has never adopted the standard in *Greenspan* that recusal is not warranted only if the statements were merely an attempt to obtain a different judge, delay the proceedings, harass or for other vexatious or frivolous purpose.

The situation before this Court does not rise to the level of threat that was seen in *Greenspan*. What this Court has before it is a questionable threat issued by the defendant's wife, which has not been taken seriously by this Court nor by the U.S. Marshal Service once they completed their investigation. Defense counsel has even echoed this assessment, stating that the defendant's wife did not really mean the comments.

Although a court certainly has a responsibility to recuse itself, even *sua sponte*, when a reasonable person, knowing all the facts and circumstances, would believe that the court could not be impartial, it is also well settled "that a judge has 'an affirmative duty ... not to disqualify himself unnecessarily.'" *Rivera*, 2001 WL 736778 at *2, *citing National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).

If this Court were now to recuse itself, it would require another court to become totally familiar with the entire trial record in order to make an informed decision on the objections to the PSI which have been raised by the defendant. The objections include a challenge to the amount of money for which the defendant should be held responsible as well as the adjustment for the role in the offense. The trial evidence concerning these issues are supported not just by a single witness but rather pervades the entire trial testimony, including the summary witnesses who had analyzed the extensive financial records. A recusal at this late

date over comments which no one has taken seriously would, by necessity, require a substantial delay in proceeding to sentencing in order to allow a new judge to become familiar enough with the trial record to properly address the objections to the PSI which have been raised by the defendant.[4]

Therefore, considering the totality of the circumstances in this case and particularly the fact that this threat has not been taken seriously by anyone, the government respectfully submits that recusal is not necessitated nor warranted under 28 U.S.C. § 455.

---

[4] A delay at this time will also continue the defendant's custody at FDC, where defendant complains he is not receiving adequate medical care. Once sentenced, the defendant will enter the Bureau of Prisons' system where it is anticipated that he will be designated to a medical facility, such as Rochester, which uses the Mayo Clinic. Therefore although the government disputes the defendant's criticism of the medical care he has thus far received, which has included a triple bypass and a filter at no cost to himself, the level of medical care will even be improved once he enters BOP custody.

CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny the defendant's motion for recusal and/or disqualification.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax:       (954) 356-7230


By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax:       (954) 356-7230

11

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by fax and mail to the following on March 24, 2003:

Jeanne Baker, Esquire
2937 S.W. 27th Avenue
Suite 202
Miami, Florida 33133

_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY