UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  
      Plaintiff,  
v.  
JOSEPH SILVESTRI,  
      Defendant.  
_____/

CASE NO. 00-6309-CR-Dimitrouleas

### DEFENDANT'S FILING OF LETTER FROM TREATING PHYSICIAN

Undersigned counsel attaches hereto, on behalf of defendant Joseph Silvestri, a letter dated March 24, 2003, from Dr. Gustavo Leon, the surgeon who, under contract with the Bureau of Prisons, saw defendant at FDC Miami on Febraury 6, 2003 and then cared for him at Larkin Hospital, South Miami, from February 13 to 18, 2003. In the attached letter, Dr. Leon sets forth his opinion of defendant's current state of health and prognosis, stating, *inter alia*, that defendant's is "a heart cripple -- someone who is critically ill due to multiple heart and vascular problems," and who is "in a situation similar to a patient who has been diagnosed with terminal cancer...."

Respectfully submitted,

**JEANNE BAKER**  
ATTORNEY AT LAW, P.A.  
Florida Bar No. 0880700  
2937 Southwest 27th Avenue, Suite 202  
Miami, Florida 33133-3703  
(305) 443-1600  
(305) 445-9666 (fax)  
**COUNSEL for JOSEPH SILVESTRI**

By: /s/ Jeanne Baker

1



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was delivered by facsimile this ___ 24th day of March 2003, to the following:

>Assistant United States Attorneys
>Brian McCormick and Diana L.W. Fernandez
>United States Attorney's Office
>500 E. Broward Boulevard
>Ft. Lauderdale, Florida 33394
>(954) 356-7255
>(954) 356-7230 (fax)
>**Counsel for the United States**
>
>and
>
>United States Probation Officer
>Donald Jefferson
>299 E. Broward Boulevard
>Ft. Lauderdale, Florida 3301-1168
>(954) 769-5515
>(954) 769-5566 (fax)

_____
JEANNE BAKER

# Gustavo G. Leon, M.D.
351 NW Le Jeune Rd. Suite 103, Miami, FL 33126
Telephone (305) 262-9900 • Fax (305) 631-1419
*Past Chairman - Florida Board of Medicine 2002-2003*
*Chairperson, Probable Cause Panel, South*

March 24, 2003

Jeanne Baker
Attorney at Law, P.A.
Suite 202
Miami, Fl. 33133

Re: **Joseph Silvestri**

Dear Ms. Baker:

You asked me to describe my background, my contact with your client Joseph Silvestri, and my opinion as to Mr. Silvestri's current state of health and prognosis.

I am a general surgeon with offices at the above address. I have been a surgeon practicing in Miami for twenty years. I have privileges at multiple Miami-area hospitals and perform surgery regularly at Larkin Hospital, South Miami. I am a past member (1997-2003) and Past Chairman (2002-2003) of the Florida Board of Medicine and currently the Chair for the Florida Board of Medicine Probable Cause Panel South (which evaluates physicians in response to complaints). For the past four years, I have had a contract with the Bureau of Prisons to provide care to inmates at FDC Miami, FCI Miami and FCC Miami. Under that contract, I visit those institutions once a week to see and evaluate possible surgical cases. I also have a contract with the State of Florida for the past three years to provide similar care to inmates at state institutions in the Miami area.

I first saw Mr. Silvestri at FDC on Thursday February 6, 2003, at which time I diagnosed his then-current condition as most likely deep vein thrombosis, with evidence of both old and new clots. I told the FDC medical staff at that time that Mr. Silvestri needed immediate anti-coagulation therapy and that he should be transferred to the hospital for evaluation for surgery. Mr. Silvestri was transferred to Larkin Hospital on February 13, 2003 at which time he came under my care, where he remained until February 18, 2003, when he was returned to FDC Miami. During his stay in Larkin, I saw Mr. Silvestri daily, placed him on intravenous anti-coagulation therapy and performed surgery on him on February

Page 2

17, 2003, placing an umbrella in his vena cava (a vein that leads from the lower body to the heart) in order to catch blood clots before they reach the lungs.

Based on my examination and observation of Mr. Silvestri during his stay at Larkin, it is my opinion that his current state of health is very precarious. He has poor cardiac output and, as a consequence, he is very weak and fragile. I view him as a heart cripple – someone who is critically ill due to multiple heart and vascular problems. Among other restrictions on Mr. Silvestri's activities, I strongly recommend that Mr. Silvestri not fly. The stresses on the body, particularly due to changes in cabin pressure, may become catastrophic for Mr. Silvestri.

In my opinion, Mr. Silvestri has a very poor prognosis. I view him as being in a situation similar to a patient who has been diagnosed with terminal cancer: he is dying. If he is placed in the best environment – by which I mean a home environment where he can receive loving care and the support and assistance of family members who can look after him and take him to doctors' appointments as soon as the need arises – I believe he could live a year, give or take. Otherwise, I believe that he will live a shorter time. I am particularly concerned that if he remains in the stressful environment of a prison, his life-expectancy will be shortened and he might not last a year.

I have communicated my concerns about Mr. Silvestri's condition to the Chief Medical Officer at FDC and also to Assistant United States Attorney Diana Fernandez.

Sincerely,

Gustavo Leon, MD