UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309-CR-DIMITROULEAS(S)(S)

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOSEPH SILVESTRI,

     Defendant.

_____/

## GOVERNMENT'S MOTION TO QUASH SUBPOENA, MOTION FOR PROTECTIVE ORDER, AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through the undersigned Assistant United States Attorney and, pursuant to Rule 17(c), Federal Rules of Criminal Procedure, hereby respectfully requests this Honorable Court to enter an Order quashing one subpoena issued by the defendant to Edward A. Stubbs, U.S. Marshal Service, Miami, Florida. The subpoena calls for his testimony and the production of any and all reports, memos, notes, or other documents pertaining to the investigation of any alleged threats made by the defendant and/or his wife. In support of its motion to quash, the government submits that the subpoena is impermissible and in contravention of Rules 16 and 17 of the Federal Rules of Criminal Procedure; the subpoena is improper, overbroad, unreasonable, oppressive and requests testimony and documents which are irrelevant and immaterial. Finally, the Court should quash defendant's subpoena because defendant has not provided the government with a meaningful summary of the testimony/disclosures sought, as required pursuant to Title 28, Code



of Federal Regulations, Section 16.23 (c). The following facts and grounds are provided in support of this motion.

## BACKGROUND

1.      On March 24, 2003, the defendant issued a subpoena, a copy of which is attached, which was served on the U.S. Marshal Service in Miami, Florida, at approximately 1:50 p.m. The subpoena calls for testimony and the production of internal reports and memoranda of the U.S. Marshal Service concerning alleged threats made by the defendant and/or his wife. The subpoena directs Edward A. Stubbs, U.S. Marshal for the Southern District of Florida, to appear on March 25, 2003, at 9:00 a.m.[1] The subpoena was improperly issued issued under the signature of Carlos Juenke, who is no longer the Clerk of the Court. Therefore the subpoena as issued is invalid.

## I.      THE SUBPOENA SHOULD BE QUASHED BECAUSE THE DOCUMENTS AND TESTIMONY SOUGHT ARE IRRELEVANT AND IMMATERIAL

Any discovery request must be preceded by a showing of materiality. United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978), cert. denied, 440 U.S. 982 (1979); United States v. Ross, 511 F.2d 757, 762-63 (5th Cir.) ("materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case"), cert. denied, 423 U.S. 836 (1975); Fed. R. Crim. P. 16 (a)(1)(c). There has been no such showing here with respect to the request in the subpoena. The subpoena is directed to the U.S. Marshal for the Southern District of Florida, Edward A. Stubbs, but contains absolutely no summary of testimony sought pursuant to 28 C.F.R. § 16.23. Further, the documents sought, for the most part, are irrelevant to the issue of recusal of the trial

---

[1] The U.S. Marshal is presently out of the district and, therefore, unavailable to appear in Court on March 25, 2003, particularly considering the lateness of service of the subpoena.

judge since they relate to the internal investigation of the U.S. Marshal Service and not to what information may or may not have been conveyed to the Court. Since the defendant has made no sufficient showing to warrant access to said materials, the subpoena should properly be quashed. United States v. North, 910 F.2d 843 (D.C. 1990), cert. denied, 111 S.Ct. 2235 (1990).

**II.    THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS UNREASONABLE, OPPRESSIVE, AND VIOLATIVE OF RULE 17, FED. R. CRIM. P.**

Under Rule 17(c), the Court may quash an "unreasonable and oppressive" subpoena. The issue of the alleged threat against the trial judge in this matter was made public through the Court's written notice filed on November 21, 2003. Yet, defense counsel has waited until 1:30 p.m. on the day before the hearing on the recusal to issue a subpoena calling for not just documents, but also the testimony of the U.S. Marshal for the Southern District of Florida. Edward A. Stubbs is currently out of the district and is unavailable for 9:00 a.m. on March 25, 2003. Further, U.S. Marshal Stubbs has no personal knowledge concerning this investigation.[2]

Courts have repeatedly quashed subpoenas similar to those served here by defense counsel, where the issuing party cannot show relevance, and where the subpoenas are obviously blind fishing expeditions seeking immaterial evidence. See e.g., United States v. Wencke, 604 F.2d 607, 612 (9th Cir. 1979) (subpoenas which sought "all files, records, correspondence, writings, interoffice communications, interagency communications and reports relating to investigation" of defendant quashed); United States v. Johnson, 495 F.2d 1097, 1102 (5th Cir. 1979) (broad discretion in trial

---

[2] And as is addressed infra, because of the failure to comply with requirements of the C.F.R., U.S. Marshal Stubbs has not been authorized to testify.

court to weigh materiality in deciding whether to grant request for subpoena); <u>United States v. Daly</u>, 481 F.2d 28 (8th Cir), <u>cert</u>. <u>denied</u>, 414 U.S. 1064 (1973).

In the case at bar, since the subpoena contains no C.F.R. statement nor is there any discussion in the memorandum in support of recusal as to what information in particular is being sought nor what benefit, <u>if any</u>, it could possibly have the issue of recusal.  In finding this type of request to be a misuse of a trial subpoena, Judge Hoeveler wrote as follows:

> If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.

<u>United States v. Noriega</u>, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).  <u>See also</u>, <u>United States v. Valencia-Romero</u>, 748 F. Supp. 64 (E.D.N.Y. 1990), in which the court stated the following in refusing to enforce a defendant's subpoenas directed to government agents whose testimony he sought at a suppression hearing:

> Although it is obvious that the testimony which defendant "hopes to secure, via the present subpoenas, would be material and favorable to his defense, he has made no plausible showing that such testimony would be forthcoming. Defendant cannot "simply posit the testimony most helpful to him"; rather, he must offer some "reasonable basis to believe that the testimony would be beneficial to his case.  <u>United States v. Ginsberg</u>, 758 F.2d 823, 831 (2d Cir. 1985).  Unbridled speculation falls far short of this standard.

<u>Id</u>. at 65.

Therefore, since there is no C.F.R. summary of testimony nor any discussion as to what information is expected to be found in the reports and memoranda which would be relevant to the

recusal hearing, it is clear that defense counsel is merely on a "fishing expedition." Therefore, the subpoena should be quashed.

### III.    AUTHORIZATION HAS NOT BEEN GRANTED FOR THE TESTIMONY AND PRODUCTION OF RECORDS BY EMPLOYEES OF THE U.S. MARSHAL SERVICE

The government would respectfully note that defense counsel has totally failed to comply with the federal regulatory requirements of 28 C.F.R. §16.23.

Consequently, based on the foregoing, the testimony and production defendant seeks has not been authorized. The government respectfully refers the Court's attention to 28 C.F.R. §16.26, setting forth some of the factors to be weighed by the authorizing Department official in response to a subpoena or other request: whether disclosure is appropriate under the rules of procedure governing the case (§16.26(a)(1)); whether disclosure is appropriate under the relevant substantive law concerning privilege (§16.26(a)(2)); whether disclosure would violate Rule 6(e) (§16.26(a)(1)); whether disclosure would reveal classified information (§16.26(a)(3)); whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would disclose investigative techniques and procedures, the effectiveness of which would thereby be impaired (§16.26(b)(5)). Disclosure is not authorized if any of the matters contained in section 16.26 (b) exist, which is the case herein.

The federal regulations governing the testimony and production of documents by DOJ employees were promulgated under authority of the federal housekeeping statute, 5 U.S.C. §301, to centralize decisions on releasing information in response to subpoenas and other demands of courts or other authorities. Title 28, Code of Federal Regulations, Sections 16.21, et seq.

The U.S. Department of Justice regulations referenced herein must be accorded the force of law because they are "lawful . . . And fully authorized by law." State of North Carolina v. Carr, 264 F.Supp. 75, 80 (W.D.N.C.), appeal dismissed, 386 F.2d 129, 131 (4th Cir. 1967) (upholding Department of Justice Order No. 124-62, predecessor to 28 C.F.R. §§ 16.21 et seq. And reversing state court contempt order issued against agent who refused to testify).

The United States Supreme Court upheld the regulations governing the testimony and other evidentiary production of employees of the U.S. Department of Justice in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). In Touhy, the Court overturned an order holding a special agent of the FBI in contempt for failing to produce subpoenaed investigatory material in a federal habeas corpus proceeding. In that case, the U.S. Department of Justice had not authorized the production of the materials. The agent was held in contempt of court when he declined to produce the relevant files, pursuant to pertinent DOJ regulations. Id. at 465. In its decision, the Court noted that an employee of the U.S. Department of Justice did not have discretion to honor a demand for official information and that the agent was bound to follow the lawful orders of the Attorney General. Id. at 467. The Touhy ruling follows a judicial policy against holding a subordinate responsible for the discretionary acts of his superiors. N.L.R.B. v. Capitol Fish Co., 294 F.2d 868, 874 n.13 (5th Cir. 1961).

It should be noted that the Eleventh Circuit continues to interpret Touhy as requiring the quashing of subpoenas for testimony where agency regulations prohibit a government employee from giving such testimony. United States v. Bizzard, 674 F.2d 1382, 1387, cert. denied, 459 U.S. 973 (1982); Moore v. Armour Pharmaceutical Co., 927 F. 2d 1194, 1197 (11th Cir. 1991).

Under the circumstances of the instant case, the subpoena which seeks to compel testimony and/or production by U.S. Marshal Service employees should be quashed since the pertinent regulations forbid this individual from complying without authorization, and that authorization has not been, and cannot be, granted for the reasons stated above.

## CONCLUSION

WHEREFORE, for the reasons stated above, the government respectfully requests this Honorable Court to quash the subpoena which has been issued for testimony of Edward A. Stubbs, U.S. Marshal for the Southern District of Florida and production of documents, and issue a protective order which would prevent the defendant from compelling the testimony of this individual or the production of the documents.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:    _Diana W. Fernandez_

DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court ID #: A5500017
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33394
Telephone: (954) 356-7392
Facsimile: (954) 356-7230

7

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Government's Motion to

Quash Subpoena was faxed and mailed to the below named on this _24_ day of March, 2003, to

Jeanne Baker, Esq.
2937 Southwest 27th Avenue, Suite 202
Miami, FL 33133-3703
Fax: (305) 445-9666


_____
DIANA L.W. FERNANDEZ
Assistant United States Attorney

Rec
3/24/02
B50

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

─────────── DISTRICT OF ───────────

United States
**v.**

Joseph Silvestri

### SUBPOENA IN A
### CRIMINAL CASE

CASE NUMBER: 00-6309-cr-
Dimitrouleas

TO:    Edward A. Stubbs
       U.S. Marshal
       301 N. Miami Ave. Room 205
       Miami, FL 33128

[x]  YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified belo
or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena sha
remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| U.S. District Court<br>299 E. Broward Blvd.<br>Ft. Lauderdale, FL 33301 | 203E |
| | DATE AND TIME |
| | 3/25/03 at 9:00 a.m. |

[ ]  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Any and all reports, memos, notes or other documents pertaining
to an investigation conducted by your agency of Joseph Silvestri,
Reg. No. 04641-016, and/or his wife Dolores Silvestri, in
connection with alleged threats made by Mr. or Mrs. SIlvestri,
including but not limited to any documentation of what information
relating to this matter was transmitted to Judge Dimitrouleas.

The documents sought via this subpoena are needed for a hearing
on a motion to recuse Judge Dimitrouleas.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | | DATE |
|---|---|---|
| *(signature)*<br>(BY) DEPUTY CLERK | *(seal: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA)* | 3/24/03 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
Jeanne Baker, Esq.
2937 S.W. 27th Ave. Suite 202
Miami, FL 33133    (305) 443-1600        *(signature)* Jeanne Baker