UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6309-CR-Seitz
          Plaintiff,
v.
JOSEPH SILVESTRI,
          Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION
## FOR APPOINTMENT OF UNDERSIGNED COUNSEL

Defendant Joseph Silvestri, through undersigned counsel and without opposition from the government, moves this Court pursuant to 18 U.S.C. §3006A (c) to appoint undersigned counsel to continue to represent defendant at and in connection with his sentencing proceeding. In support of this motion, undersigned counsel represents as follows:

1.     Prior to trial, on November 6, 2000, defendant was found indigent and thereafter, on November 17, 2000, attorney Emmanuel Perez was appointed to represent him.

2.     In May 2001, defendant's family privately retained Richard Sharpstein, Esq., to serve as Mr. Silvestri's trial counsel. Mr. Sharpstein was permitted to substitute for Mr. Perez on May 6, 2002, and thereafter represented defendant at trial. On information and belief, the funds to pay for Mr. Sharpstein's services came entirely from defendant's family, not from defendant. The government has never suggested otherwise.

3.     Prior to defendant's sentencing, due to a break-down in communications with Mr. Sharpstein, defendant terminated Mr. Sharpstein's services and asked his family to make financial arrangements to pay for the services of undersigned counsel to represent him at sentencing. *See* letter from Mr. Silvestri attached to "Defendant Silvestri's Motion to Continue Sentencing So That

New Counsel May Prepare Representation and Notice of Motion for Downward Departure," filed October 28 2002. On the same date, October 28, 2002, undersigned counsel filed her notice of appearance as defendant's counsel, pursuant to a retainer agreement providing for undersigned counsel to be paid by defendant's family based on undersigned counsel's expenditure of time and expenses. On November 1, 2002, Mr. Sharpstein filed a motion to withdraw as defendant's counsel.

4. At the time that undersigned counsel commenced to represent defendant, it was expected that defendant's sentencing would occur within the then-near future and would entail a relatively limited expenditure of funds by defendant's family.[1] Unexpected events over the past several months -- continuances in defendant's sentencing date due to defendant's repeated hospitalizations for examination and surgeries, and Judge Dimitrouleas' recusal -- have delayed defendant's sentencing beyond the date anticipated and expanded the scope of undersigned counsel's work beyond the work originally anticipated.

5. Subsequent to the March 27, 2003 status conference held by this Court, defendant's family informed undersigned counsel that they can no longer afford to pay for private counsel to continue to represent defendant at sentencing, and that, accordingly, they will not be able to and will not pay for any further expenditure of time by undersigned counsel or for any further expenses in this matter.

6. Mr. Silvestri wishes undersigned counsel to continue to represent him at sentencing, but he remains indigent. As the Presentence Investigation Report reflects, defendant has a negative

---

[1]As undersigned counsel explained at the status conference on March 27, 2003, undersigned counsel had been prepared to represent defendant at sentencing without preparation of the trial transcript, which defendant's family had told undersigned counsel it did not have funds to pay for.

net worth and no cash flow. *See* PSI ¶¶ 126-127.[2] The government has filed no objections to these PSI findings regarding defendant's financial situation. Without any funds himself, and faced with his family's inability to pay any further attorney's fees or expenses in this case, defendant asks the Court to appoint undersigned counsel to continue to represent him at and in connection with his sentencing proceeding.

      7.      Title 18 U.S.C. §3006A subsection (c) specifically provides, in pertinent part, that:

> If at any stage of the proceedings...the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate.

Undersigned counsel meets the requirement of subsection (b) that appointed counsel "be selected from a panel of attorneys designated or approved by the Court...." in that undersigned counsel was re-appointed to serve as a Criminal Justice Act Panel attorney for the Southern District of Florida for a 24-month term commencing October 1, 2002. Defendant submits that it is in "the interests of justice" that undersigned counsel be selected as his appointed counsel so as not to disrupt his attorney-client relationship with undersigned counsel and so as not to lose the benefit of the substantial time and energy which undersigned counsel has already invested in preparing legal and factual arguments on his behalf.

      8.      Counsel for the government in this case, AUSA Diana Fernandez, has authorized undersigned counsel to represent that the government has no objection to the grant of this motion.

---

[2] A $30,000 bank account at Admiralty Bank, included as an asset listed in PSI ¶126, was recently forfeit to the government (*see* Final Order of Forfeiture, issued March 11, 2003, Docket Entry 1292), so that defendant's negative net worth is now $30,000 greater.

3

WHEREFORE, for all of the foregoing reasons and in the interests of justice, and without opposition from the government, defendant Joseph Silvestri respectfully requests this Court to appoint undersigned counsel pursuant to 18 U.S.C. §3006A (c) to continue to represent defendant at and in connection with his sentencing proceeding.

          Respectfully submitted,

**JEANNE BAKER**
ATTORNEY AT LAW, P.A.
Florida Bar No. 0880700
2937 Southwest 27th Avenue, Suite 202
Miami, Florida 33133-3703
(305) 443-1600
(305) 445-9666 (fax)
**COUNSEL for JOSEPH SILVESTRI**

By: _[signature]_

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was delivered by facsimile this ___ 15 day of April 2003, to the following:

> Assistant United States Attorneys
> Brian McCormick and Diana L.W. Fernandez
> United States Attorney's Office
> 500 E. Broward Boulevard
> Ft. Lauderdale, Florida 33394
> (954) 356-7255
> (954) 356-7230 (fax)
> **Counsel for the United States**
>
> and
> United States Probation Officer
> Donald Jefferson
> 299 E. Broward Boulevard
> Ft. Lauderdale, Florida 3301-1168
> (954) 769-5515
> (954) 769-5566 (fax)

JEANNE BAKER